**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FLORINE M. WILLIAMS )<br>122 Gretna Green Court )<br>Alexandria, VA 22304 )<br>)<br>        **Plaintiff,**       )<br>)<br>v.                                         )<br>)<br>CONSUMER FINANCIAL PROTECTION )<br>BUREAU                            )<br>1700 G Street, N.W.           )<br>Washington, D.C. 20552      )<br>)<br>        **Defendant.**         ) | Civil Action No. 16-155<br><br>**COMPLAINT & JURY DEMAND** |

Plaintiff, Florine M. Williams, by and through her undersigned counsel, states and alleges as follows:

**INTRODUCTION**

1.  This is an action authorized and instituted pursuant to the Equal Pay Act of 1963 ("EPA" or "Act"), 29 U.S.C. § 206(d), for the Defendant's unlawful compensation practices on the basis of illegal gender discrimination against the Plaintiff.

2.  The Plaintiff in this case, Florine M. Williams ("Plaintiff"), is an accomplished Equal Employment Opportunity ("EEO") Specialist for the Consumer Financial Protection Bureau ("CFPB" or "Agency"), who is making $30,000 a year less than her male co-worker, Kevin Maling ("Maling"). Both Plaintiff and Maling hold the same Senior EEO Specialist position, perform the same job and duties, and from 2014-2015, shared the same office. The CFPB has known, or should have known, that its pay and compensation practices resulted in

Plaintiff's pay disparity at the Agency. The gender discrimination described in this Complaint has been and is continuing in nature.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1), and 29 U.S.C. § 216(b), to redress and enjoin employment practices of the Defendant, an agency of the United States. Venue is proper in the District of Columbia District Court under 28 U.S.C. §§ 1391(b) and (e) because a substantial part of the wrongful conduct complained of herein occurred in this District, Defendant transacts substantial business in this District, and Defendant maintains employment records related to this action in the District of Columbia.

## PARTIES

4. Plaintiff, Florine M. Williams ("Plaintiff"), is a female "employee" at the CFPB, within the meaning of 29 U.S.C. § 203(e). She currently resides in Alexandria, Virginia.

5. Defendant, Consumer Financial Protection Bureau ("CFPB"), is an independent agency of the United States charged with regulating the offering and providing of consumer-financial products and services under federal consumer financial laws. Defendant is headquartered at 1700 G Street, N.W., Washington, D.C. 20552.

6. At all times relevant to this action, Defendant CFPB was and is an "employer" within the meaning of 29 U.S.C. § 203(d).

## STATEMENT OF FACTS

7. Plaintiff began her federal service employment in 1983 and has worked in the areas of equal employment opportunity (EEO) and civil rights for over twenty years. Within a twenty year span, Plaintiff has worked with five different federal sector agencies, including

the U.S. Postal Service, U.S. Department of Housing and Urban Development, the U.S. Department of Defense, and the U.S. Nuclear Regulatory Commission, in addition to CFPB.

8.  Since 1995, Plaintiff has been employed as a certified EEO Counselor, Investigator, and merit decision writer.

9.  Immediately prior to joining the CFPB, Plaintiff's served as a Senior Civil Rights Specialist at the U.S. Nuclear Regulatory Commission (Grade GS 14, Step 6) for seven years.

10. On or about July 2013, Plaintiff interviewed at the CFPB with Mary Stacey Bach ("Stacey Bach" or "Bach"), Director of the Office of Equal Employment Opportunity; Sartaj Alag ("Alag"), Chief Operating Officer; and Liza Strong for the position of Senior Equal Employment Opportunity ("EEO") Specialist.

11. On August 16, 2013, Bach informed Plaintiff that she was interested in selecting her for the position of Senior EEO Specialist, CN-0260-60, and that Mia Hahn ("Hahn"), Human Capital Client Consultant, would make the official job offer to her.

12. Bach indicated to Plaintiff that based on her qualifications and experience, she would recommend that her pay be set towards the top of the CN-0260-60 pay band, which was $187,000.

13. In August 2013, Plaintiff spoke with Hahn who formally offered her the Senior EEO Specialist position. During this conversation, Hahn indicated that Plaintiff's salary would be set at $150,000 per year.

14. On or about October 6, 2013, Plaintiff commenced employment with the CFPB in the Office of Equal Employment Opportunity, now known as the Office of Civil Rights, as a Senior EEO Specialist, CN-0260-60. Plaintiff has been in this position ever since.

**Pay Discrimination**

15. Plaintiff's first line supervisor is Stacey Bach and her second line supervisor is Stuart Ishimaru.

16. On or about September 2013, when Plaintiff's male counterpart, Kevin Maling ("Maling"), joined the Office of Civil Rights as a Senior EEO Specialist (CN-0260-60), the CFPB set his base salary at approximately $174,000 per year.

17. On or about October 6, 2013, when Plaintiff started work at the CFPB as a Senior EEO Specialist (CN-0260-60) in the Office of Civil Rights, the CFPB set her base salary at $150,000 per year, approximately $24,000 less than Maling.

18. On or about February 2014, Maling's salary increased to approximately $186,000, based on an annual performance merit increase for Fiscal Year ("FY") 2013. Because Plaintiff began employment at the end of the FY2013 performance year, Plaintiff did not receive a merit based pay increase, and her salary remained the same.

19. Maling holds the same position, title, and grade as Plaintiff, is in her same chain of command, and for a year, shared the same office space.

20. After Maling received the FY2013 merit based pay increase, there was an approximate $36,000 pay differential between him and the Plaintiff.

21. Both Plaintiff and Maling have common core tasks, their actual job duties are similar, and a significant portion of their jobs are identical. There are no tasks that make the two positions different. In sum, Plaintiff and Maling perform equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

22. In October 2013, Plaintiff raised the issue of unequal compensation with Donald Pettaway ("Pettaway"), who was acting in Stacey Bach's position, while she was out on maternity leave. In response, Pettaway suggested that Plaintiff speak to Bach about her difference in pay when she returned from leave.

23. On or about March 24, 2014, Plaintiff raised her concerns to Bach regarding pay equity. In response, Bach told the Plaintiff that she would look into the matter.

24. On or about March 29, 2014, Plaintiff contacted Sartaj Alag ("Alag") regarding her pay disparity. Alag indicated that Kevin Balkanloo ("Balkanloo"), Compensation Specialist with Human Capital, had re-evaluated her pay and determined there was no disparity in pay between her and Maling.

25. In April 2014, a few weeks after Plaintiff's discussion with Bach, Plaintiff followed up with her concerning her pay disparity. In response, Bach informed Plaintiff that she had turned the pay equity matter over to Alag.

26. Plaintiff asked Alag for reconsideration and raised her concerns regarding the Agency's violations of the EPA, Lilly Ledbetter Act, and the Agency's internal policy.

27. Alag told Plaintiff that he would again discuss the pay-setting issue with Balkanloo and also speak with the CFPB Legal Division.

28. On or about June 5, 2014, Alag informed Plaintiff that it was the Agency's belief that there was no pay disparity or violation of law.

29. On or about July 2, 2014, Plaintiff contacted an Agency EEO counselor with regard to the matters complained of herein.

30. The CFPB discriminated against Plaintiff on the basis of her gender by paying her less compensation for equal work in comparison with her similarly situated male

coworker.

31.     On or about February 2015, Plaintiff's salary increased to $159,300 based on an annual performance merit increase for FY2014. At this same time, Maling's salary increased to approximately $193,000, which is $33,700 more than the Plaintiff.

32.     On or about January 2016, Plaintiff received a notice that her salary would increase from $159,300 to $162,000 due an annual performance merit increase for FY2015. On information and belief, it is projected that Maling's salary would also increase to $198,000, an approximate $36,000 difference, as a result of the annual performance merit increase.

33.     Because the CFPB tied Plaintiff's bonus potential, merit increases, and retirement contributions to her base salary, since October 6, 2013, and continuing to the present, the gap between her compensation and her male counterpart's compensation, continues to grow as a Senior EEO Specialist, CN-0260-60, in the Office of Civil Rights.

## COUNT 1

### (VIOLATION OF EQUAL PAY ACT, 29 U.S.C. § 206(d))

34.     Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 33 above, as if fully set forth herein.

35.     The EPA prohibits sex-based wage discrimination between men and women in the same establishment who perform equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions

36.     Defendant has discriminated against the Plaintiff in violation of the EPA by providing her with lower pay as a Senior EEO Specialist, than her similarly situated male colleague on the basis of her gender, female, even though Plaintiff performs the same work in

the same establishment and under similar working conditions that require the same skill, effort, and responsibility.

37. As a federal Agency, the CFPB must comply with the EPA.

38. Since at least October 6, 2013, Defendant has violated and continues to violate, 29 U.S.C. 206(d)(1) and 215(a)(2), by paying Plaintiff lower wages than those paid to her male colleague, Maling.

39. Maling, who began his employment with the EEO office on or about September 2013, has been consistently and continuously compensated at a higher rate than Plaintiff for the same skills, effort, and responsibility, and under similar working conditions.

40. Since approximately October 2013, Maling on average has received more than $30,000 in annual compensation than Plaintiff. The pay disparity is magnified because Plaintiff's bonus potential, merit increases, and retirement contributions are tied to her base salary.

41. Plaintiff's pay disparity by the Defendant is not justified by a seniority system; a merit system; a pay system based on quantity or quality of production; or any factor other than sex.

42. By knowingly paying Plaintiff lower wages than Maling, Defendant willfully violated the EPA, 29 U.S.C. § 206(d).

43. As a result of the acts complained of above, Defendant has unlawfully withheld, and is continuing to withhold, the payment of wages due to Plaintiff, who has and still is, receiving lower compensation than her male colleague.

44. As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to: lost earnings, lost benefits, and other financial loss.

45. By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available for violations of the EPA, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees, expenses, costs, and costs of the action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Florine Williams, respectfully prays judgment against Defendant in the amount of Plaintiff's unpaid compensation and benefits, back pay, liquidated damages, attorney's fees, and costs of the action.

Plaintiff also requests that this Court grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating within any of its establishments between Plaintiff on the basis of sex by paying a wage less than the rate at which it pays to Kevin Maling, a similarly situated employee of the opposite sex.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable herein.

Dated: February 1, 2016

**FLORINE WILLIAMS**

By:   /s/ Raymond C. Fay
Raymond C. Fay
D.C. Bar No. 188649
Fay Law Group PLLC
1250 Connecticut Ave, NW, Suite 200
Washington, D.C. 20036
Tel: 202-263-4604
Fax: (202)261-3508
RFay@FayLawDC.com

Dionna Maria Lewis
Fay Law Group PLLC
1250 Connecticut Ave, NW, Suite 200
Washington, D.C. 20036
Tel: 202-263-4604
Fax: (202)261-3508
DLewis@FayLawDC.com
*Pro Hac Vice Application to be Submitted*

**ATTORNEYS FOR PLAINTIFF**